FRANK HALE, RECEIVER, ETC., RESPONDENT, v. GEORGE STEWART AND HENRY W. HOTCHKISS, APPELLANTS.

*Transfer by insolvent debtor in payment of claim of one creditor — not void or fraudulent as to other creditors, notwithstanding debtor has no other property — and that the claim paid, was barred by the statute of limitations.*

APPEAL from a judgment entered at the Onondaga Special Term in favor of the plaintiff.

The action was brought for the purpose of having a deed from defendant Stewart to the defendant Hotchkiss declared fraudulent and void, as to a judgment in favor of Fannie Niles against the defendant Stewart. The plaintiff was appointed receiver in proceedings supplementary to execution instituted in behalf of Mrs. Niles, under her judgment. The receiver was authorized to bring this action, and after issue joined, the cause was tried at Special Term, and resulted in a judgment for the plaintiff against the defendants, whereby the deed was declared fraudulent and void as to the plaintiff, Mrs. Niles, and her judgment. The deed was set aside, and the judgment declared a lien upon the premises, prior to the conveyance to defendant Hotchkiss.

The court at Special Term held the transactions between the defendants fraudulent and void, and among other reasons, for the reason that the deed was executed and delivered with full knowledge on the part of the grantee of the fact that the grantor had no other property or means to pay the judgment of Mrs. Niles, and of his insolvency after the transfer; also because some of the claims, the consideration of the conveyance, were barred by the statute of limitations.

The court at General Term say: "This finding of the court conflicts with the current of leading authority on that subject, and cannot be sustained. A creditor may receive a conveyance from his debtor to secure a *bona fide* debt, although the debtor is left with no other property from which another creditor can enforce payment of the debt, and such conveyance will be upheld, although the grantee had full knowledge that the grantor had no other property or means to pay other creditors, and was insolvent after the transfer. If the debt of the creditor is *bona fide*, and the property

taken is of no greater value than the amount of the debt, the transaction is free from fraud, and will be upheld against the claims of creditors. (*Waterbury* v. *Sturtevant*, 18 Wend., 353; *Auburn Exch. Bank* v. *Fitch*, 48 Barb., 344.) * * * It is true that the greater part of this debt had existed for more than six years prior to the settlement made, but it by no means follows from this circumstance that the demands were stale within the rules governing courts of equity, so that the parties themselves could not forego the length of time the accounts had run, and settle their demands upon principles of equity. The debtor was not bound to interpose the statute, nor could he in justice refuse to pay the interest which had accrued upon advances paid him by his creditor.

The only question under the evidence was: Did the creditor have a *bona fide* debt against the debtor, and was the undisputed evidence of debtor and creditor to be overcome by the finding that the demands were stale, and therefore fraudulent? Within the decision of *Fordham* v. *Smith* (46 N. Y., 683), the court had no right to infer the truth to be the reverse of what was testified to by the defendants.

*Gilbert & Hancock*, for the respondents. *Lansing & Lyman*, for the appellants.

Opinion by Noxon, J. Mullin, P. J., and Smith, J., concurred.

Judgment reversed, new trial granted, costs to abide event.